UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONNELL GARRETT,

        Petitioner,

v.                                   Case No. 06-C-659

GREGORY GRAMS,

        Respondent.

## ORDER

        This case is before me again following a series of procedural filing snafus. On October 23 the Seventh Circuit Court of Appeals recalled its mandate and vacated its August 29 order dismissing the petitioner's appeal. Its August 29 dismissal was evidently based on the petitioner's failure to either pay the docketing fee or to move for *in forma pauperis* status on appeal. The October 23 decision overturning that dismissal was based on that court's conclusion that the petitioner had, in fact, properly filed a motion to proceed *in forma pauperis* in the district court. Thus, its dismissal on August 29 had been premature.

        This court has not explicitly ruled on the petitioner's motion to proceed *in forma pauperis* on appeal because such a motion was not filed in this court until August 31, *i.e.*, *after* the appeal had already been dismissed by the Seventh Circuit. It appears from the docket (entry number 17) that the delay resulted because the petitioner filed two motions for IFP – one on the district court form and the other on the court of appeals form – and filed them both with the court of appeals.

        In light of the October 23 order vacating the Seventh Circuit's August 29 order, however,

the long and short of it is that the motion for IFP on appeal apparently remains pending in this court. Since I have already found provisionally in an earlier order that an appeal would not be taken in good faith, (Docket No. 9), the normal course would be to deny the motion summarily. However, the various filing problems detailed above have given this court the opportunity to review the underlying dismissal from which the petitioner appeals. That dismissal, on June 9, was based on what appeared to be the clear untimeliness of the petition, in violation of the one-year statute of limitations. Yet by that time the Supreme Court had indicated, in *Day v. McDonough,* that dismissals based on untimeliness should be made only after the parties are given fair notice and an opportunity to explain their positions. 126 S.Ct. 1675, 1684 (2006). This petitioner was not given that opportunity. Accordingly, because the petition was dismissed without the petitioner having an opportunity to explain the apparent untimeliness, evidently in violation of *Day,* I vacate my earlier conclusion that an appeal would not be taken in good faith. Because the petitioner is indigent, the motion for leave to appeal *in forma pauperis* is GRANTED. For the same reasons, I also indicate that I would be inclined to grant a motion to amend the judgment dismissing the petitioner's case in order to allow petitioner a reasonable opportunity to explain his apparently tardy § 2254 petition. *See* 7th Cir. R. 57.

SO ORDERED this 26th day of October, 2006.    s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge